# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN GARLAND, <br><br> Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendant. | Case No.: 3:20-cv-0269-JPG <br><br> CJRA TRACK: C <br><br> JURY TRIAL: December 13, 2021 <br><br> JUDGE: J. Phil Gilbert |

## JOINT MOTION FOR CONTINUANCE AND REVISED SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4), Plaintiff Allen Garland, and Defendant Novartis Pharmaceutical Corporation ("NPC") jointly move this Court to modify the Amended Scheduling Order [ECF No. 30] in this case. Specifically, the parties request all discovery and pre-trial deadlines to be extended by approximately three months to allow the parties sufficient time to complete discovery.

Good cause exists to modify the current Scheduling Order because, despite their best efforts, the parties will be unable to reasonably meet the Scheduling Order's current deadlines for reasons that were not foreseeable at the time the scheduling order was entered. *See* Fed. R. Civ. P. 6(b); 16(b)(4). The inability to meet the current deadlines is not because of a lack of effort from the parties. Since the entry of the Court's original Scheduling Order on June 26, 2020 (ECF No. 26), the parties have been diligent in their discovery efforts. To date, these efforts have included, among other things, the exchange of written discovery requests and responses, NPC's production of more than 10 million pages of NPC documents from a previous litigation to plaintiffs, exchange of Plaintiff's medical records, which consist of thousands of pages from numerous physicians

(with more likely forthcoming), and two Rule 30(b)(6) depositions. In addition, there are four fact depositions of Mr. Garland's physicians scheduled to be taken in May, and plaintiff's counsel has confirmed that Mr. Garland will be made available for deposition in May. The parties also have regularly conferred to address discovery matters and achieved resolutions without need for the Court's involvement.

The parties continue to complete document production and are in the process of scheduling depositions of fact witnesses. The disruption caused by the COVID-19 pandemic, including the resulting travel restrictions and safety precautions, has delayed the depositions of fact witnesses and continues to cause scheduling hurdles. Although substantial progress has been made, the discovery process has taken longer than the parties anticipated, and there is still more fact discovery needed from both parties. This includes corporate discovery, such as additional production of documents and depositions of NPC personnel, collecting additional medical records from physicians, including newly discovered physicians as part of the iterative records collection process, and taking depositions of Plaintiff and physicians. It is important to conduct as much of this fact discovery as possible prior to finalizing the parties' expert reports and to prepare for expert depositions. Based on these circumstances, the parties reasonably and in good faith have determined that they will likely require an additional three months to complete discovery, and have otherwise adjusted the subsequent deadlines in accordance with the intervals set in the Court's prior Scheduling Order, and taking into account the Court's preference that discovery be completed 115 days before the first day of the month of the presumptive trial month.

In addition, Plaintiff has petitioned the Judicial Panel on Multidistrict Litigation to consolidate this action with multiple other Tasigna products liability cases pending in district courts through the country. *See In re Tasigna Product Liability*, Case MDL No. 3006 (Filed Apr.

14, 2021). NPC will oppose this petition. But if granted, such a consolidation will further impact the discovery schedules in this case.

Accordingly, the parties jointly request the following modifications to the Amended Scheduling Order in this case:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Plaintiff Expert Disclosure | May 6, 2021 | August 6, 2021 |
| Defendant Expert Disclosure | July 6, 2021 | October 6, 2021 |
| Deposition of Plaintiff Expert(s) | June 6, 2021 | September 6, 2021 |
| Deposition of Defendant Expert(s) | August 6, 2021 | November 5, 2021 |
| Discovery Cut-Off | August 6, 2021 | November 5, 2021 |
| Dispositive/Daubert Motions | August 23, 2021 | November 23, 2021 |
| Trial Term | December 13, 2021 | March 14, 2022 |

WHEREFORE, the parties respectfully ask that the Court grant this joint request for a modification of the Amended Scheduling Order in accordance with the above-stated operative dates.

The parties have agreed to have their electronic signature affixed.

Dated: April 30, 2021          Respectfully submitted,

/s/ *Richard M. Elias*
Richard M. Elias
Todd Friedman
ELIAS LLC
231 S. Bemiston Ave, Suite 800
St. Louis, MO 631222
Telephone: (314) 391-6820
relias@eliasllc.com
tfriedman@eliasllc.com

James G. Onder #06200444
ONDERLAW LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
Telephone: (314) 963-9000
onder@onderlaw.com
wichmann@onderlaw.com

*Attorneys for Plaintiff*

/s/ Charles J. Swartwout
Charles J. Swartwout # 06190665
BOYLE BRASHER LLC – BELLEVILLE
5000 West Main St.
Post Office Box 23560
Belleville, IL 62223-0560
Telephone: (618) 277-9000
cswartwout@boylebrasher.com

Grant W. Hollingsworth, Esq. (admitted *Pro Hac Vice*)
Robert E. Johnston, Esq. (admitted *Pro Hac Vice*)
Andrew L. Reissaus, Esq. (admitted *Pro Hac Vice*)
Hollingsworth$_{LLP}$
1350 I Street Northwest
Washington, District of Columbia 20005
Telephone: (202) 898-5800
ghollingsworth@hollingsworthllp.com
rjohnston@hollingsworthllp.com
areissaus@hollingsworthllp.com

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2021, the foregoing document was served upon counsel of record via the Court's CM/ECF system.

/s/Richard M. Elias
Richard M. Elias
